UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD MCCASKILL, | Case No. 3:17-cv-00305-RCJ-WGC |
| Petitioner, | **ORDER** |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

**I.      Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are the counseled amended § 2254 petition (ECF No. 19), respondents' motion to dismiss claim 4 (ECF No. 22), petitioner's opposition (ECF No. 30), and petitioner's reply (ECF No. 31).  The court finds that ground 4 of the amended petition relates back to the timely initial petition (ECF No. 6), and the court denies the motion.

**II.     Factual Background**

Petitioner had been living at the auto repair shop of Bret Schucker in Reno, Nevada.  ECF No. 6 at 3.  On June 6, 2008, petitioner and Sam Brooksher, a friend, were at Schucker's shop to retrieve petitioner's belongings.  Id.  Todd Holbert drove up to the shop in his pickup truck; Rodney Morris was a passenger.  Id.  Morris and petitioner had violent encounters in the past.  Id.  Morris and petitioner started fighting.  Id.  Morris eventually retrieved a baseball bat from

1

1  Holbert's truck and struck petitioner about a dozen times. Id. Holbert took the bat from Morris.
2  Id. Morris and petitioner continued fighting. Petitioner then ran into Schucker's shop. Id.
3  Morris pursued petitioner into the shop. Id. Suddenly Morris ran out of the shop, yelled at
4  Holbert to go, hopped into the cab of Holbert's truck, jumped out the other side, and ran into an
5  adjacent field. Id. at 4. Petitioner came out of the shop holding a pump-action shotgun. Id. at 4,
6  30. Holbert still was holding the bat. Id. at 4. Petitioner shot Holbert in the chest from six feet
7  away, cycled the action of the shotgun, and shot Holbert in the head from six inches away. Id. at
8  30. Holbert died immediately. Id.

**III.     Procedural Background**

After a jury trial in state district court, petitioner was convicted of second-degree murder with the use of a deadly weapon. Ex. 74 (ECF No. 24-34). Petitioner appealed. Ex. 77 (ECF No. 24-37). The Nevada Supreme Court affirmed on March 9, 2011. Ex. 102 (ECF No. 25-22). Petitioner petitioned for rehearing. Ex. 105 (ECF No. 25-25). The Nevada Supreme Court denied rehearing on May 9, 2011. Ex. 106 (ECF No. 25-26). Petitioner then petitioned for en banc reconsideration. Ex. 107 (ECF No. 25-27). The Nevada Supreme Court denied en banc reconsideration on June 29, 2011. Ex. 108 (ECF No. 25-28).

Petitioner then filed a post-conviction habeas corpus petition in the state district court on November 23, 2011. Ex. 111 (ECF No. 25-31). The state district court appointed counsel to represent petitioner. Ex. 115 (ECF No. 25-35). Counsel filed a supplemental petition. Ex. 135 (ECF No. 26-15). The state district court then dismissed the petition and supplement. Ex. 149 (ECF No. 26-29). Petitioner appealed. Ex. 150 (ECF No. 26-30). The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals. Ex. 174 (ECF No. 27-14). The Nevada Court of Appeals affirmed on November 18, 2016. Ex. 175 (ECF No. 27-15). Remittitur issued on December 13, 2016. Ex. 176 (ECF No. 27-16).

Petitioner then commenced this action with his initial, proper-person habeas corpus petition. ECF No. 6. The court appointed the Federal Public Defender, who filed the counseled amended petition. ECF No. 19. The motion to dismiss followed.

### IV. Legal Standard

Petitioner had one year from the time his judgment of conviction became final to file a habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1)(A). The Nevada Supreme Court affirmed the judgment of conviction on March 9, 2011. The judgment of conviction became final when the time to petition the Supreme Court of the United States for a writ of certiorari expired, on September 27, 2011. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Petitioner had a post-conviction habeas corpus petition pending in the state courts from November 23, 2011, when he filed the state petition, until December 13, 2016, when the remittitur issued at the conclusion of the appeal. That time does not count toward the one-year limit. 28 U.S.C. § 2244(d)(2).

Petitioner gave his § 2254 petition to a prison officer for mailing to this court on May 9, 2017, effectively commencing this action. ECF No. 6 at 1; Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. That petition was timely. Petitioner filed his amended petition on February 11, 2019, after expiration of the one-year limit. ECF No. 19. The grounds in the amended petition will need to relate back to the initial petition. An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Id. at 664.

### V. Discussion

Respondents argue that ground 4 of the counseled amended petition ("amended ground 4") does not relate back to the initial petition. Petitioner counters that amended ground 4 relates back to ground 4 of the proper-person initial petition ("initial ground 4"). The court agrees with petitioner.

Initial ground 4 is a claim that the evidence was insufficient to support the verdict for second-degree murder.[1] Respondents frame the ground as two parts: (a) the statutory

---

[1] Petitioner does not claim that the evidence of use of a deadly weapon was insufficient.

3

1  requirements for manslaughter, and (b) that petitioner acted in the heat of passion following his
2  beating by Morris. ECF No. 22 at 5. Amended ground 4 also is a claim that the evidence was
3  insufficient to support the verdict for second-degree murder. Respondents frame this ground as
4  four parts: (a) the testimony of two witnesses, (b) the testimony of an expert regarding
5  petitioner's injury, (c) the time elapsed between petitioner's injury and the killing of Holbert, and
6  (d) improper jury instructions and poor closing arguments. Id. So framed, respondents argue that
7  the two grounds do not share a common core of operative fact.

8  Even as respondents frame the two grounds, the court disagrees. The court drew its
9  summary of the facts from petitioner's own allegations in the initial petition and the Nevada
10 Supreme Court's statement of the facts in the attached decision. Those facts note the testimony of
11 two witnesses, the severity of petitioner's injury, and the time between petitioner's injury and
12 petitioner's killing of Holbert. Petitioner's allegations did not include the expert's testimony about
13 his injury, but the fact of the injury was in the allegations. To that extent, amended ground 4
14 shares a common core of operative fact with initial ground 4.

15 Petitioner's allegations in the initial petition did not mention anything about jury
16 instructions and arguments. Amended ground 4 argues that a transition instruction led the jury to
17 never consider the possibility of voluntary manslaughter. ECF No. 19 at 33-35. Amended
18 ground 4 also argues that neither side argued that petitioner's killing of Holbert was voluntary
19 manslaughter. Id. at 35. While those two allegations did not appear in the initial petition, they
20 also are not part of the analysis of whether the evidence was sufficient. "[T]he relevant question
21 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational
22 trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
23 Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "Once a defendant has
24 been found guilty of the crime charged, the factfinder's role as weigher of the evidence is
25 preserved through a legal conclusion that upon judicial review all of the evidence is to be
26 considered in the light most favorable to the prosecution." Id. (emphasis in original). A faulty
27 jury instruction and poor arguments might be grounds for relief by themselves, but as part of a
28 claim of insufficient evidence they are not operative facts. They are possible explanations why

4

the jury reached the verdict of guilt of second-degree murder with the use of a deadly weapon even if, as petitioner argues, the evidence was insufficient to support that verdict. The evidence-- all of the evidence, as Jackson instructs--are the operative facts of an insufficient-evidence claim. The additions of the arguments on jury instruction and closing arguments at trial thus do not affect the relation back of amended ground 4 to initial ground 4.

## VI. Conclusion

IT THEREFORE IS ORDERED that respondents' motion to dismiss claim 4 (ECF No. 22) is **DENIED**.

IT FURTHER IS ORDERED that respondents will have sixty (60) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: July 8, 2020.

_____
ROBERT C. JONES
United States District Judge